CLAUDE B. CALBREATH, APPELLANT, V. SAMUEL E. BAMFORD, APPELLEE.

FILED MARCH 13, 1915. No. 18,034.

Appeal: INADEQUATE DAMAGES. When the evidence is conflicting, a judgment will not be reversed solely because the amount recovered is too small, where the jury has been properly instructed on the measure of damages.

APPEAL from the district court for Adams county: HARRY
S. DUNGAN, JUDGE. *Affirmed:*

*J. W. James* and *Karl D. Beghtol,* for appellant.

*Charles E. Bruckman, contra.*

MORRISSEY, C. J.

In 1910 plaintiff, who is a physician and surgeon, was
practicing his profession in Iowa, and the defendant, who
is also a physician and surgeon, was practicing his pro-
fession at Hastings, Nebraska. There was an old family
acquaintanceship existing between them, and plaintiff, be-
ing desirous of finding a new field for his talents, began a
correspondence with the defendant which culminated in a
partnership agreement between the two. Plaintiff paid
defendant $1,000 for a one-half interest in the business
and office equipment. Under this agreement they were to
carry on the practice of medicine and surgery and divide
the earnings equally.

After making this agreement and paying over the $1,000
as the contract provided, plaintiff removed to Hastings
and engaged in the practice as contemplated by the par-
ties. Difficulties soon arose, and this suit was instituted
in the district court for Adams county. The petition con-
tained two causes of action. As a first cause of action it
is alleged that, in order to induce the plaintiff to enter
into the agreement, the defendant falsely and fraudulently
represented the volume of business which he had done, and
that, by reason of the fraud so practiced upon him, he had
suffered damage in the sum of $1,000. For a second cause
of action plaintiff alleged that soon after making the part-
nership agreement, heretofore referred to, the defendant
sold a one-half interest in a certain drug stock and store
to plaintiff, representing to him that he had recently pur-
chased the same for $6,000 and that it was worth that sum,
and plaintiff, relying upon these representations, paid
$3,000 for a one-half interest in said stock; that the rep-
resentations so made were untrue, and were made for the
purpose of cheating and defrauding the plaintiff, and by

reason of the fraud so practiced he was damaged in the sum of $1,000; and there was a prayer for damages on the two causes of action in the sum of $2,000.

Defendant admitted the formation of the partnership and the receipt of the money, but denied that fraud had been practiced on the plaintiff. As an affirmative cause of action the defendant alleged that plaintiff misrepresented his professional ability; that he neglected the business; and that his habits and conduct were such that he drove business away from the firm, and the business built up by defendant was almost ruined, and prayed judgment for $2,500.

For answer to the second cause of action, defendant admitted selling an undivided one-half interest in the drug-store to plaintiff for $3,000, but alleged that he did not have personal knowledge of the business or of the value of the stock; that he had only recently purchased the stock, and before doing so he made inquiry as to its value, and was assured that it had recently invoiced at $7,000, and was advised that the stock of goods and location were worth $6,000, and he purchased at that price; that the plaintiff expressed a desire to purchase an interest therein, and after defendant detailed all the facts in relation thereto the deal for a one-half interest was made; that later plaintiff and defendant exchanged the drug business for real estate which they took at an agreed valuation of $6,500, and which they still owned, and asked that said cause of action be dismissed and he be given judgment on his counterclaim.

The issues were submitted to a jury, which returned a verdict for one dollar in favor of the plaintiff. Plaintiff appeals, urging as ground for reversal that the amount of recovery is inadequate.

There is more or less conflict in the evidence, and from an examination of the record we cannot say that the verdict of the jury is not fully warranted.

There is no question of law involved. No complaint is made in the brief against the rulings or instructions of the court. All disputed questions of fact having been prop-

erly submitted to the jury, and the evidence being sufficient to sustain the verdict, under the general rule governing cases of this character, we cannot interfere with the findings of the jury, and the judgment is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.